James D. Holman, Esq., ISB 2547
THOMSEN STEPHENS LAW OFFICES, PLLC
2635 Channing Way
Idaho Falls ID 83404
Telephone (208)522-1230
Fax (208)522-1277

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| SUSAN F. GRAY, | ) | Case No. _____ |
| | ) | |
| Plaintiff, | ) | COMPLAINT |
| | ) | |
| v. | ) | |
| | ) | |
| NIGUEL SANTE, LLC dba THE GABLES OF AMMON, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Susan F. Gray, for cause of action against defendant Niguel Sante, LLC dba The Gables of Ammon, states and alleges as follows:

1. This court has jurisdiction pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act of 1938.

2. Plaintiff Susan F. Gray is a resident of Jefferson County, Idaho.

3. Defendant Niguel Sante, LLC is an Idaho limited liability company in good standing with its principal place of business in Idaho Falls, Idaho and is doing business under the assumed business name of The Gables of Ammon.

4. Defendant Niguel Sante, LLC dba The Gables of Ammon is an employer within the meaning of 29 U.S.C. §203(d) and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §203(s)(1), Fair Labor Standards Act of 1938.

5. Defendant employed plaintiff as a cook. At all times relevant hereto plaintiff was engaged in commerce or in the production of goods for commerce, or was employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§206 and 207, Fair Labor Standards Act of 1938.

6. At no time during the course of her employment was plaintiff an "exempt employee" within the meaning of 29 U.S.C. §213, Fair Labor Standards Act of 1938.

7. During the course of plaintiff's employment, defendant paid plaintiff an hourly wage which constituted plaintiff's regular rate of pay within the meaning of 29 U.S.C. §207(e), Fair Labor Standards Act of 1938. At the time of filing this complaint, plaintiff's hourly wage was $11.75.

8. During the course of plaintiff's employment with defendant, defendant regularly and consistently required plaintiff, as a condition of continued employment, to work in excess of 40 hours per week. Notwithstanding the fact that defendant required plaintiff to regularly and consistently work in excess of 40 hours per week, defendant failed to pay plaintiff overtime compensation as required by 29 U.S.C. §207(a)(1), Fair Labor Standards Act of 1938.

9. Defendant's failure to pay overtime compensation to plaintiff is a violation of 29 U.S.C. §207(a)(1), Fair Labor Standards Act of 1938. Pursuant to 29 U.S.C. § 216(b), plaintiff is

entitled to recover from defendant the amount of the unpaid overtime compensation and an additional equal amount as liquidated damages.

10. Defendant's violation of 29 U.S.C. §207(a)(1) was a willful violation within the meaning of 29 U.S.C. §255(a).

11. Pursuant to 29 U.S.C. §216(b), plaintiff is entitled to recover from defendant plaintiff's reasonable attorney fees incurred in this action as well as costs of the action.

Wherefore, plaintiff prays the judgment, order and decree of this court as follows:

1. For an award of damages in the amount of plaintiff's unpaid overtime wages, in accordance with 29 U.S.C. §216(b), in an amount to be proven at trial;

2. For an award of damages in an additional equal amount as liquidated damages pursuant to 29 U.S.C. §216(b);

3. For plaintiff's reasonable attorney fees and costs incurred herein pursuant to 29 U.S.C. §216(b); and

4. For such other and further relief as the court deems just and proper.

DATED this 3rd day of February, 2009.

THOMSEN STEPHENS LAW OFFICES, PLLC

By: _____
James D. Holman, Esq.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury.

DATED this 3rd day of February, 2009.

THOMSEN STEPHENS LAW OFFICES, PLLC

By: *[signature]*
James D. Holman, Esq.

JDH:clm
6651\Pleadings\001 Complaint

4 -   COMPLAINT